

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | Criminal Complaint |
| v. | § | No. 4:09-MJ-294 |
| | § | |
| **EDUARDO FLORES** | § | |

## INTRODUCTION

I, Chris Smith, the undersigned Complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

I have been employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) for approximately three years.   As a Special Agent my duties include but are not limited to conducting criminal investigations concerning violations of the Federal Firearms Laws.

As a result of my personal participation in the investigation of matters referred to in this affidavit I am familiar with the facts and circumstances of the investigation.  On the basis of personal observation as well as familiarity, I have determined the following:

That there is probable cause to believe that from on or about September 1, 2008 to on or about October 19, 2009, within the Northern District of Texas, and elsewhere, defendant **Eduardo FLORES**, did knowingly and willfully combine, conspire, confederate and agree with others known and unknown to commit offenses against the United States, including violations of 18 U.S.C. §554(a) and 22 U.S.C. § 2778, that is, to fraudulently and knowingly export and send from the United States, and attempt to export and send from the United States any merchandise, object and article contrary to law and regulation of the United States, that is, firearms and ammunition; and to receive, conceal, buy, sell, and in any other manner facilitate the transportation, concealment, and sale of said firearms and ammunition, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation, of the United States, and in furtherance of and as part of the commission of these offenses, committed the acts as stated herein.

In violation of 18 U.S.C. § 371, (18 U.S.C. § 554(a) and 22 U.S.C. § 2778).

**Complaint – Page 1**

## RELEVANT STATUTES AND REGULATIONS

Title 18, United States Code, Section 554, makes it a crime to fraudulently or knowingly export firearms from the United States to Mexico. (a) In General. - Whoever fraudulently or knowingly exports or sends from the United States, or attempts to export or send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States.

1.      The Arms Export Control Act (AECA), as amended, and codified at 22 U.S.C. §§2751 to 2799aa-2, authorizes the President to control the export and import of commodities, services and technologies designated as "defense articles" and "defense services." The articles and services (and associated technical data) so designated constitute the U.S. Munitions List (USML), which is published at 22 C.F.R. § 121. The Act provides that individuals or entities seeking to export articles or services listed in the USML must first register with and obtain an export license from the U.S. Department of State Directorate of Defense Trade Controls (DOS). The President has delegated to DOS the authority to designate defense articles and defense services, and to issue regulations governing the licensing and export of designated materials. The AECA also provides criminal penalties for violations of these licensing requirements. Specifically, 22 U.S.C. § 2778 provides in pertinent part:

> (b)(2)  Engaging in prohibited conduct:
>
> > No defense articles or defense services designated by the President under subsection (a)(1) of this section may be exported or imported without a license for such export or import, issued in accordance with this chapter and regulations issued under this chapter, except that no license shall be required for exports or imports made by or for an agency of the United States Government (A) for official use by a department or agency of the United States Government, or (B) for carrying out any foreign assistance or sales program authorized by law and subject to the control of the President by other means.
>
> (c)     Any person who willfully violates any provision of this

**Complaint – Page 2**

section . . . of this title, or any rule or regulation issued under either section, or who willfully, in a registration or license application or required report, makes any untrue statement of a material fact or omits to state a material fact required to be stated therein or necessary to make the statements therein not misleading, shall upon conviction be fined for each violation not more than $1,000,000 or imprisoned for more than 10 years, or both.

## COMPLAINT

1.    On October 21, 2009, ATF Special Agent Gus Benavides and Chris Smith interviewed Isidro LOZANO in reference to the firearms in his possession at the time of his arrest by the Arlington Police Department on October 17, 2009. Isidro LOZANO stated Eduardo **FLORES** recruited him to store and transport firearms to Laredo, Texas, so that the firearms could ultimately be smuggled to Mexico.

2.    On October 21, 2009, ATF Special Agent Gus Benavides and Chris Smith interviewed Eduardo **FLORES** in reference to firearms trafficking activity to Mexico. Eduardo **FLORES** stated he was recruited by his friend, Alejandro LNU, to find individuals interested in transporting firearms from the Fort Worth, Texas area to Laredo, Texas. Eduardo **FLORES** stated Alejandro LNU agreed to pay anyone $2,000.00 to transport the firearms from the Fort Worth, Texas area to Laredo, Texas. Eduardo **FLORES** stated he recruited his step-son in law, Isidro LOZANO, to transport the firearms. Eduardo **FLORES** stated Alejandro LNU agreed to pay Isidro LOZANO $2,000.00 to transport the firearms to Laredo, Texas. Eduardo **FLORES** stated that Alejandro LNU was told to contact "Jave," later identified as Javier ROSALES, to obtain the firearms. Eduardo **FLORES** stated he contacted Javier ROSALES to facilitate the transfer of the firearms to Isidro LOZANO. Eduardo **FLORES** stated he was aware the firearms consisted of six (6) AR-15 rifles, and one (1) pistol. Eduardo **FLORES** stated Alejandro LNU referred to the rifles in coded language, saying "new rims 15," when referring to AR-15 rifles. This code language is consistent with language used by other firearms traffickers to describe AR-15 rifles. Eduardo **FLORES** stated that after Isidro LOZANO obtained the firearms from Javier ROSALES, Eduardo **FLORES** contacted Alejandro LNU to facilitate the transportation of the above firearms to Laredo, Texas.

3.    Eduardo **FLORES** stated that on October 17, 2009, Isidro LOZANO was in route to Laredo, Texas to deliver the above firearms when he was arrested by the Arlington Police Department. Eduardo **FLORES** stated he was aware the above firearms were recovered by the Arlington Police Department. Eduardo **FLORES** stated that on October 19, 2009, Isidro LOZANO was released from jail. Eduardo **FLORES** had knowledge that unknown

Complaint – Page 3

individuals picked up Isidro LOZANO from his residence. Eduardo **FLORES** stated he was concerned for Isidro LOZANO'S safety and contacted Alejandro LNU. Eduardo **FLORES** stated he pleaded with Alejandro LNU not to harm Isidro LOZANO.

4.  On this same date, Eduardo **FLORES** stated he was aware of the violence in Mexico. Eduardo **FLORES** stated he has visited Mexico over one hundred (100) times in his life. Eduardo **FLORES** stated he is aware it is illegal to possess firearms and ammunition in Mexico. Eduardo **FLORES** stated he is aware that one most possess a license to export firearms to Mexico.

## **CONCLUSION**

Based on the aforementioned factual information, I respectfully submit that there is probable cause to believe that **Eduardo FLORES** engaged in a conspiracy with persons known and unknown to unlawfully export, and attempt to unlawfully export, firearms from the United States to Mexico in violation of 18 U.S.C. §§ 371 and 554(a) and 22 U.S.C. § 2778. I respectfully request that warrants be issued authorizing arrest on these charges for those identified individuals.

Chris Smith, Special Agent
Bureau of Alcohol Tobacco and Firearms

Subscribed and sworn before me this 22nd of October 2009.

GEORGE GALLAGHER, JUDGE
396TH District Court
Tarrant County, Texas

**Complaint – Page 4**